**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,
962 Wayne Ave, Suite 610
Silver Spring, MD 20910

     *Plaintiff*,

v.

DEPARTMENT OF THE INTERIOR
1849 C St. NW
Washington, DC 20240

     *Defendants*.

CIVIL ACTION NO. 26-2128

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff

   Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action

   under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States

   Department of the Interior ("DOI") to disclose documents requested pursuant to FOIA.

   Specifically, PEER is seeking documents related to the implementation of Secretary Doug

   Bergum's Secretary's Order No. 3431, "Restoring Truth and Sanity to American History."[1]

---

[1] Secretary Douglas Bergum, S.O. 3,431 "Restoring Truth and Sanity to American History" (May 20, 2025), *available at* https://www.doi.gov/document-library/secretary-order/so-3431-restoring-truth-and-sanity-american-history. This order implements and builds upon an Executive Order of the same name issued by President Trump. *See* E.O. 14,253, "Restoring Truth and Sanity to American History," 90 Fed. Reg. 14,563 (Mar. 27, 2025).

2. Section 5 of this Order directs the heads of National Park Service ("NPS"), Fish & Wildlife Service ("USFWS"), Bureau of Land Management ("BLM"), Bureau of Indian Affairs ("BIA"), and Bureau of Reclamation ("BOR") to conduct internal review of all properties for descriptions, depictions, and other content that "inappropriately disparage Americans past or living." PEER's request seeks documents related to the implementation of this Order and actions taken in furtherance of its objectives.

3. The requested records include information of great national significance. The 250th anniversary of the Declaration of Independence will take place on July 4, 2026, during the pendency of this litigation. The records responsive to PEER's FOIA request will directly inform the public of Defendant DOI's role in President Trump's whole-of-government effort to revise the documented history of the United States to match his aesthetic preferences in advance of the Semiquincentennial.

4. Defendant DOI has failed to produce any information responsive to PEER's FOIA request. The agency's inaction and inattention to its FOIA obligations have frustrated PEER's mission to inform the public and FOIA's statutory purpose "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, 89th Cong., 1st Sess. 3 (1965). A goal of the statute is to ensure an "informed electorate," which is "vital to the proper operation of a democracy." *Id.* at 2–3.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

6. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

7. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

8. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

9. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland.

10. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEER Review* newsletter.

11. Defendant DOI is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOI is headquartered in Washington, D.C.

12. Defendant DOI is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Defendant's refusal to provide Plaintiff with the records requested is a violation of FOIA.

## STATEMENT OF FACTS

### *Context and Purpose of PEER's FOIA Request*

13. The NPS has recognized that "[h]istory has typically been presented from the perspective of the dominant group in power and can, intentionally or not, exclude details that tell a more

holistic story," and the agency has affirmed its role in "expand[ing] ideas about power, science, gender, race, and more." [2]

14. On March 27, 2025, President Donald Trump issued Executive Order 14,253, "Restoring Truth and Sanity to American History." [3] The order rebuked what it described as "a concerted and widespread effort to rewrite our Nation's history . . . in a negative light" advanced by "[t]he prior administration." It specifically decried the goal of "interrogating institutional racism" and excoriated the Smithsonian Institution for "representing that societies including the United States have used race to establish and maintain systems of power, privilege, and disenfranchisement."

15. Section 4 of E.O. 14,253 specifically directed the Secretary of the Interior to:

i. determine whether, since January 1, 2020, public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction have been removed or changed to perpetuate a false reconstruction of American history, inappropriately minimize the value of certain historical events or figures, or include any other improper partisan ideology;

ii. take action to reinstate the pre-existing monuments, memorials, statues, markers, or similar properties, as appropriate and consistent with . . . applicable law; and

iii. take action, as appropriate and consistent with applicable law, to ensure that all public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction do not contain descriptions, depictions, or other content that inappropriately disparage Americans past or living (including persons living in colonial times), and instead focus on the greatness of the achievements and progress of the American people or, with respect to natural features, the beauty, abundance, and grandeur of the American landscape. [4]

---

[2] NPS, *History Under Construction* (last updated Nov. 5, 2023), https://www.nps.gov/articles/history-under-construction.htm.

[3] 90 Fed. Reg. 14,563.

[4] Id.

16. On May 20, 2025, Secretary Doug Bergum issued Secretary's Order No. 3,431, re-emphasizing the urgency of the impending 250th anniversary of the signing of the Declaration of Independence to order the heads of NPS, FWS, BLM, BIA, and BOR to implement § 4 of E.O. 14,253 by:

   a. identifying every modification to every public monument, statue, or marker since Jan. 1, 2020, determining whether any such modifications were "made to perpetuate a false reconstruction of American history; inappropriately minimize the value of certain historical events or figures; or include any other improper partisan ideology," and if so, to "reinstate such property";[5]

   b. review *all* public monuments, memorials, statues, markers, or similar properties "to identify whether any such properties contain images, descriptions, depictions, messages, narratives or other information (content) that inappropriately disparages Americans past or living (including persons living in colonial times) or, with respect to content describing natural features, that emphasizes matters unrelated to the beauty, abundance, or grandeur of said natural feature," and remove such content;[6] and

   c. post signage at each DOI-owned or operated property encouraging the public to report "any signs or other information that are negative about either past or living Americans or that fail to emphasize the beauty, grandeur, and abundance of landscapes and other natural features."[7]

---

[5] S.O. 3,431 § 5(a).

[6] § 5(b).

[7] § 6.

17. DOI component agencies quickly moved to establish public comment portals to solicit feedback from the public to identify locations in need of censorship.[8]

18. The "Restoring Truth and Sanity to American History" orders were swiftly condemned by historians, social scientists, and members of the public. On March 31, 2025, the Organization of American Historians issued a statement that the Executive Order was "an attack on core institutions and the public presentation of history, and indeed on historians and history itself."[9] The statement summarized the importance of preserving the material which the orders would proscribe:

> the Smithsonian's museums and sites across the National Park System serve as crucial counterpoints to the aggressive push to flatten history into a single celebratory story, offering the public opportunities to connect personally with the past and to engage with the intricacies and nuances of America's history and the rich, evolving tapestry of American experiences. While telling the story of our country's triumphs, these institutions also challenge us to confront uncomfortable truths about the past and present and to question myths that have hindered a mature understanding of the history of the United States. Both the triumphs and the tragedies go into making us who we are as individuals, who we are as members of valued communities and cultures, and who we are as a nation. Telling as complete a story as possible should always be recognized as an indispensable part of the public's educational landscape, fostering an environment where critical thinking and a deep engagement with history are not just encouraged, but expected.

19. On June 18, 2025, the Organization of American Historians issued a statement on S.O. 3,431, highlighting the order's "attempt[] to turn a history-seeking public into a network of informants" by calling on visitors to report "inappropriate" or "negative" information to DOI.[10]

---

[8] *See*, *e.g.* BLM, BLM Secretarial Order 3431 public feedback form (effective June 12, 2025), https://www.blm.gov/get-involved/SO3431-feedback.

[9] ORG. OF AMERICAN HISTORIANS, *Statement on Executive Order "Restoring Truth and Sanity to American History"* (Mar. 31, 2025), https://www.oah.org/2025/03/31/statement-on-executive-order-restoring-truth-and-sanity-to-american-history/.

[10] ORG. OF AMERICAN HISTORIANS, *Statement in Response to Secretary Order 3431 and Censorship of History in the National Park Service* (Jun. 18, 2025),

*Plaintiff's FOIA Request DOI-2025-009277*

20. PEER filed its FOIA request with DOI on September 5, 2025. Specifically, PEER requested:

1. Documents, including directives and guidance, issued to park units or other properties that expanded this order to include gift shops and merchandise sold by concessionaires, gift shops, and museums.
2. Documents that describe reviews of content conducted under this Order, including spreadsheets, emails, messages, and all other information submitted by individual property managers pursuant to this review.
3. Documents, including spreadsheets, emails, messages, or other information, containing responses to such reviews of content, including emails or shared documents indicating actions taken or not taken in response to reviews of content submitted.
4. Documents, spreadsheets, emails, messages, or other information regarding additional reviews of content conducted by DOI Office of the Secretary or any staff that are not duty stationed at the park, site, or property in question.
5. Documents, spreadsheets, emails, messages, or other information associated with any actions ordered by DOI Office of the Secretary or agency leadership in response to internal review of properties."

21. On September 22, 2025, DOI acknowledged its receipt of PEER's FOIA request on September 8, 2025, and assigned it tracking number DOI-2025-009277. The acknowledgment letter granted PEER's request for a waiver of processing fees and stated that PEER's request fell under the "'Normal' processing track for requests that would generally take six to twenty workdays to process."

22. The acknowledgment letter also invoked 43 C.F.R. § 2.19 to grant DOI a 10-workday extension "to search for and collect requested records from field facilities or other units that are separate from the office processing the request."[11] The letter told PEER to "expect to hear from [DOI] promptly regarding the outcome of this search."

---

https://www.oah.org/advocacy-statement/statement-in-response-to-secretary-order-3431-and-censorship-of-history-in-the-national-park-service/.

[11] The request is being processed by the FOIA office for the Office of the Secretary of the Interior ("OS").

*Administrative History of DOI-2025-009277*

23. On November 17, 2025, PEER contacted DOI by email to ask about the status of its FOIA request following the government shutdown in October 2025.

24. On November 21, 2025, DOI responded that the agency was "still in the search phase for your request" and that it "hope[d] to wrap up the searches within the next few weeks as we dig ourselves out from the time we were off."

25. On January 9, 2026, PEER again emailed to ask about the status of its request.

26. On January 20, 2026, DOI responded that the assigned FOIA officer "was finally able to locate record custodians" and "should have the searches wrapped up by the end of the week."

27. On March 13, 2026, PEER again emailed DOI to ask for an update on its request and the searches.

28. On March 19, 2026, DOI replied that the FOIA office "ha[d] most records in for this case but [we]re waiting on one office to finish up their search" which "should be finishing up soon."

29. On June 1, 2026, PEER requested an estimated date by which the agency would make a determination on its request, observing that the request had been submitted the prior September. One hundred and seventy-nine working days had passed between the request's receipt on September 8, 2025, and PEER's email.[12]

30. On June 5, 2026, the agency replied that "[i]t looks like we have records beyond one custodian" and "[a]re trying to determine if they are done or not." The agency further explained that it suffered from a substantial backlog of 750 requests and had "only two processors for most of [2025]."

---

[12] Or 266 calendar days, less 38 weekends and 11 federal holidays.

31. On June 12, 2026, DOI issued an "interim response" to PEER's FOIA request. It did not enclose any records or make release or withholding determinations, but notified PEER of certain "Material Already Publicly Available." Specifically, it stated: "For the Bureau of Reclamation (BOR) report regarding SO 3431, we believe that the records that you are seeking are publicly available at: https://www.doi.gov/foia/os/other-records."

32. To date, DOI has not released any records responsive to or otherwise made a determination regarding PEER's FOIA Request.

33. By its explanation, DOI's Office of the Secretary has not dedicated sufficient resources to respond to FOIA requests in a timely fashion,[13] and is engaged in an ongoing effort to further shrink its workforce.[14] PEER must turn to this Court to gain timely access to records while they still remain relevant to the public.

### Subsequent Factual Development

34. In the pendency of Plaintiff's FOIA request DOI significantly expanded its efforts to remove information from public lands, increasing the urgency of information responsive to PEER's FOIA request.

---

[13] The Department of the Interior Chief FOIA Officer Report for 2026 indicates that during FY 2025, DOI reduced its total "equivalent full-time FOIA employees" by 45%. *See* DOI, DOI CHIEF FOIA OFFICER REPORT 14 (published Feb. 24, 2026), *available at* https://www.doi.gov/media/document/doi-chief-foia-officer-report-2026-0.

[14] DOI is currently undertaking efforts to further reduce its administrative workforce. On April 2, 2026, DOI announced new incentives to induce DOI employees to vacate their federal jobs, including "another Deferred Resignation Program as well as another opportunity for Voluntary Early Retirement." DOI, *Interior Announces Strategic Initiative to Improve Efficiency, Boost American Energy Independence and Better Serve the American Taxpayer*, Press Release (Apr. 2, 2026), https://www.doi.gov/pressreleases/interior-announces-strategic-initiative-improve-efficiency-boost-american-energy.

35. Serious public confusion about the implementation of S.O. 3,431 has developed due to inconsistent statements from DOI and its component agencies. On October 5, 2025, the Associated Press reported that 10 signs citing climate change were removed from Acadia National Park in Maine, according to Rep. Chellie Pingree, however DOI would not confirm the changes at Acadia to the Associated Press, stating the review there was ongoing. The same reporting found that local officials at Fort Pulaski National Monument determined that an 1863 photograph of a lashed Black man[15] should be removed pursuant to the order, only to have the removal cancelled by DOI headquarters.[16]

36. On December 12, 2025, it was reported that NPS Comptroller, exercising the delegated authority of the Director Jessica Bowron had issued a nonpublic memo to all parks ordering them to review their items available for retail sale to determine if any were related to diversity, equity and inclusion (DEI) and remove them from its gift shops. The same reporting noted NPS was removing Martin Luther King's Birthday and Juneteenth, two holidays honoring Black history, from its list of free entrance days in 2026.[17]

37. On January 23, 2026, NPS employees removed the exhibit on slavery from Independence National Historical Park, the site where George and Martha Washington lived with nine of

---

[15] The man depicted in the photo had escaped a Louisiana plantation to enlist in the Union Army. It became one of the Civil War's most powerful images, exposing the brutality of slavery. *See* Smithsonian Institution National Portrait Gallery, *Peter (formerly identified as "Gordon")*, https://npg.si.edu/learn/classroom-resource/gordon-lifedates-unknown.

[16] Calvin Woodward, *At America's national parks in the Trump era, the arc of history bends toward revisionism*, ASSOCIATED PRESS (Oct. 5, 2025), https://apnews.com/article/national-parks-revisionism-slavery-trump-harpers-ferry-517203d55cca652385471097de1c354a.

[17] Ashley Ahn, *National Parks Ordered to Remove Items Promoting D.E.I. From Gift Shops*, N.Y. TIMES (Dec. 12, 2025), https://www.nytimes.com/2025/12/12/us/politics/national-parks-dei-gift-shops.html.

their slaves in the 1790s, and a major focus of the background sections of the "Restoring Truth and Sanity" orders.[18]

38. On February 10, 2026, it was reported that the NPS had removed the rainbow "pride" flag from a property it operates in Manhattan's Greenwich Village near the Stonewall Inn, the gay bar where patrons' rebellion against a police raid helped catalyze the modern LGBTQ+ rights movement.[19]

39. On Feb. 11, 2026, Senator Angus S. King, Jr., vice chair of the Senate Energy and Natural Resources Committee's subcommittee on the National Park Service, sent an oversight letter to Secretary Bergum, seeking information on the implementation of S.O. 3,431.[20] Much of the requested information may also be responsive to PEER's FOIA request, including specifically the process followed for identifying, reviewing, removing, and altering content at DOI properties, the involvement of subject matter experts in the review, a list of affected locations, a list of the new signage and displays, and justifications for the agency's actions.

40. On February 17, 2026, the National Parks Conservation Association, American Association for State and Local History, Association of National Park Rangers and Union of Concerned Scientists filed a lawsuit challenging S.O. 3,431's implementation at NPS properties in the

---

[18] *US park staff remove slavery exhibit at Independence National Historical Park*, video, ASSOCIATED PRESS (Jan. 23, 2026), https://apnews.com/video/us-park-staff-remove-slavery-exhibit-at-independence-national-historical-park-8e2f00250580483d9ad7a747ad419c6c.

[19] Jennifer Peltz, *Trump administration takes down a rainbow flag at the Stonewall National Monument*, ASSOCIATED PRESS (Feb. 10, 2026), https://apnews.com/article/stonewall-monument-rainbow-flag-removed-e58b12c1c9482e4b2cf02fef55e0f775.

[20] Letter from Angus King to Doug Bergum (Feb. 11, 2026), *available at* https://www.king.senate.gov/imo/media/doc/oversight_letter_nps.pdf.

U.S. District Court for the District of Massachusetts, *National Parks Conservation Ass'n, et al., v. Dep't of Interior, et al.*, No. 1:26-cv-10877 (AK).

41. On March 2, 2026, anonymous civil servants leaked an internal NPS database indicating that over 500 items had then been identified for review under S.O. 3,431.

42. On March 19, 2026, Ranking Member Jared Huffman of the U.S. House of Representatives Committee on Natural Resources, with 52 colleagues, sent a letter to Chair Mike Simpson and Ranking Member Chellie Pingree of the House Appropriations Subcommittee on Interior, Environment, and Related Agencies, seeking to block appropriations for S.O. 3,431.[21] The letter noted procedural irregularities stemming from failure to consult Tribal Nations, disregard for "professional standards around historical interpretation," imposition of excessively burdensome review requirements as an "intimidation tactic" against DOI employees, and the chilling of historic preservation work at all levels of government.

43. On June 12, 2026, U.S. District Judge Angel Kelley enjoined DOI and NPS from implementing section 5 of S.O. 3,431 at NPS park sites and ordered NPS to "restore and reinstall all interpretive materials at park sites managed by the NPS that, pursuant to the Secretary's Order, have been altered, removed, or damaged in the process of such removal since May 20, 2025."[22] Judge Kelley observed that Secretary Bergum's order to rewrite DOI's presentation of

---

[21] Letter from Jared Huffman, *et al.*, to Mike Simpson & Chellie Pingree (Mar. 19, 2026), *available at* https://democrats-naturalresources.house.gov/imo/media/doc/2026-03-19_moc_approps_letter_protecting_historical_interpretation_at_doi.pdf.

[22] National Parks Conservation Ass'n, et al., v. Dep't of Interior, et al., No. 1:26-cv-10877 (AK), Doc. 41, at 62 (D.Mass., Jun. 12, 2026).

American history "disregarded" its "responsibility to present history in full rather than in favored fragments" and "sets a dangerous precedent of censorship and sanitization."[23]

44. Judge Kelley found that plaintiff had demonstrated an irreparable harm necessary to issue a preliminary injunction. She reasoned that DOI had "significantly expanded removal efforts in early 2026, increasing both the magnitude of harm and urgency for relief."[24] That same urgency drives the immediate need for the public to be able to view the materials responsive to PEER's FOIA request.

## COUNT ONE:

### *Violation of Statutory Deadline*

45. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

46. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

47. FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

48. Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). These circumstances must be included in a "written

---

[23] *Id.*, at 2-3.

[24] *Id.*, at 56.

notice . . . setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id*.

49. Thirty working days from September 8, 2025, (the date PEER's FOIA request was received by the agency) was October 21, 2025.

50. As of the date of this filing, Defendant DOI has not made a determination on Plaintiff's FOIA request. Plaintiff has received no documents in response to its FOIA request.

51. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i).

52. Having exhausted its administrative remedies for its FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Declare that Defendants violated the statutory deadlines to respond to PEER's FOIA requests and appeals;

iv. Declare that Defendants wrongfully withheld requested agency documents;

v. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E);

vi. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court; and

vii. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on June 17, 2026.

s/ *Kevin H. Bell*_____
Kevin H. Bell
DC Bar # 90015600
kevin@freeinformationgroup.com

Ginger McCall
DC Bar # 1001104
ginger@freeinformationgroup.com

Free Information Group, PLLC
1100 13th St. NW, Ste. 800
Washington, DC 20005
(202) 946-3642
*Attorneys for Plaintiff*