UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF THE INTERIOR, <br><br> Defendant. | Civil Action No. 26-2128 (RCL) |

## ANSWER

Defendant United States Department of the Interior (the "Department" or "DOI"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed by Plaintiff Public Employees for Environmental Responsibility under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials in this response. However, Defendant's references are not intended to be, and should not be construed as, an admission that the cited materials are correctly cited or quoted by Plaintiff; relevant to this, or any other, action; or admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including allegations related to the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

**PRELIMINARY STATEMENT[1]**

1.      The allegations in this paragraph contain Plaintiff's summary of this action, including legal conclusions, to which no response is required. To the extent a response is required, Defendant admits only that this is an action brought under the FOIA by Plaintiff against Defendant. With respect to the third sentence of this paragraph, Defendant respectfully refers the Court to the Plaintiff's FOIA request for a complete and accurate statements of its contents and denies any allegations inconsistent therewith.

2.      The allegations in this paragraph contain Plaintiff's characterizations of its FOIA request and of an Executive Order. Defendant respectfully refers the Court to the cited documents for complete and accurate statements of their contents and denies any allegations inconsistent therewith.

3.      To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4.      Defendant admits only that it has not yet produced records in response to Plaintiff's request. The remainder of this paragraph consists of legal conclusions to which no response is required.

---

[1]      For the Court's convenience, Defendant is restating the headings included in the Complaint. To the extent those headings can be construed as encompassing factual allegations to which a response would be required, any such allegations are denied.

**JURISDICTION AND VENUE**

5.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits only that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

6.     This paragraph consists of legal conclusions and characterizations of the provisions of Declaratory Judgment Act, to which no response is required.

7.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant admits only that venue is proper in this judicial district for appropriate FOIA challenges.

8.     This paragraph consists of legal conclusions, to which no response is required.

**PARTIES**

9.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.    Admitted.

12.    This paragraph consists of legal conclusions and characterizations of the provisions of FOIA, to which no response is required. To the extent any response is required, Defendant refers the Court to the cited provisions of FOIA for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent they are inconsistent with those statutory provisions.  Defendant denies the remaining allegations of this paragraph.

**STATEMENT OF FACTS**

13.     To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14.     To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15.     To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16.     To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other

purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17.     To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18.     To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19.     To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

*Plaintiff's FOIA Request DOI-2025-009277*

20. Defendant admits only that it received from Plaintiff a FOIA request submitted on September 5, 2025. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statements of its contents and denies any allegations inconsistent therewith.

21. Admitted.

22. Admitted.

*Administrative History of DOI-2025-009277*

23. Defendant admits only that it received an email from Plaintiff on November 17, 2025. The remainder of the allegations in this paragraph contain Plaintiff's characterization of that email. Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

24. Defendant admits only that it sent an email to Plaintiff on November 21, 2025. The remainder of the allegations in this paragraph contain Plaintiff's characterization of that email. Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

25. Defendant admits only that it received an email from Plaintiff on January 9, 2026. The remainder of the allegations in this paragraph contain Plaintiff's characterization of that email. Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

26. Defendant admits only that it sent an email to Plaintiff on January 20, 2026. The remainder of the allegations in this paragraph contain Plaintiff's characterization of that email. Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

27.     Defendant admits only that it received an email from Plaintiff on March 13, 2026. The remainder of the allegations in this paragraph contain Plaintiff's characterization of that email. Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

28.     Defendant admits only that it sent an email to Plaintiff on March 19, 2026. The remainder of the allegations in this paragraph contain Plaintiff's characterization of that email. Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

29.     Defendant admits only that it received an email from Plaintiff on June 1, 2026. The remainder of the allegations in this paragraph contain Plaintiff's characterization of that email. Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

30.     Defendant admits only that it sent an email to Plaintiff on June 5, 2026. The remainder of the allegations in this paragraph contain Plaintiff's characterization of that email. Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

31.     Defendant admits only that it issued an interim response to Plaintiff's request on June 12, 2026. The remainder of the allegations in this paragraph contain Plaintiff's characterization of that response. Defendant respectfully refers the Court to the email for a complete and accurate statements of its contents and denies any allegations inconsistent therewith.

32.     Defendant admits that it has not yet provided records or a final determination for Plaintiff's request.

33.     Defendant denies the allegations of this paragraph.

### *Subsequent Factual Development*

34.     To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

35.     To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

36.     To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

37.     To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other

purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

38.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

39.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

40.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

41.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared

to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

42.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

43.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

44.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## COUNT ONE

45.    Defendant incorporates by reference its responses to Paragraphs 1-44 of this Answer.

46.    This paragraph consists of legal conclusions, to which no response is required.

47.    This paragraph consists of legal conclusions, to which no response is required.

48.    This paragraph consists of legal conclusions, to which no response is required.

49.    Admitted.

50.    Defendant admits that, as of the date of the filing of the Complaint, it has not yet provided records or a final determination for Plaintiff's request.

51.    This paragraph consists of legal conclusions, to which no response is required.

52.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in these paragraphs or elsewhere in the Complaint.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.  Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.  5 U.S.C. § 552.

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exclusions or exemptions of the FOIA, 5 U.S.C. § 552(b), the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**THIRD DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FOURTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**FIFTH DEFENSE**

One or more of the subparts of Plaintiff's FOIA request are not valid requests as they do not reasonably describe the records sought and also are invalid to the extent they would be unduly burdensome to process.  The request, or subparts thereto, also are invalid to the extent they seek to impose obligations on the agency not required by FOIA.

**SIXTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts.*

*Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at \*3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiff's complaint that they would not otherwise be required to answer, and that are not material to Plaintiff's FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at \*11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

### SEVENTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under the FOIA.

### EIGHTH DEFENSE

Defendant's actions or inaction did not violate the FOIA or any other statutory or regulatory provision.

### NINTH DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA request.  5 U.S.C. § 552(a)(6)(C).

\*      \*      \*

- 13 -

- 14 -

Dated:  July 27, 2026
        Washington, DC

                                    Respectfully submitted,

                                    JEANINE FERRIS PIRRO
                                    United States Attorney

                                    By:    /s/ Andrew J. Vaden
                                        ANDREW J. VADEN
                                        Assistant United States Attorney
                                        D.C. Bar #1044860
                                        601 D Street, NW
                                        Washington, DC 20530
                                        (202) 252-2437

                                    *Attorneys for the United States of America*